**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4238**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICOLE GOER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Bruce H. Hendricks, District Judge. (2:13-cr-00977-BHH-4)

Submitted: October 18, 2018                     Decided: October 22, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Timothy Ward Murphy, KOLB, MURPHY & GIVENS, ATTORNEYS AT LAW, LLC, Sumter, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicole Goer pleaded guilty to conspiracy to distribute heroin and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846 (2012) and 21 U.S.C. § 841(b)(1)(C) (2012). The district court sentenced her to 36 months' imprisonment. Counsel has filed an *Anders v. California*, 386 U.S. 738 (1967) brief, finding no meritorious issues, but questioning whether the court complied with Fed. R. Crim. P. 11 and whether the sentence is reasonable. Goer was informed of her right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. Finding no error, we affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which she is pleading guilty, the maximum possible penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); *DeFusco*, 949 F.2d at 119-20.

Because Goer did not move to withdraw her guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Goer] must demonstrate not only that the district court plainly erred, but also that this error affected [her] substantial rights." *Id.* at 816. In the guilty plea context,

2

a defendant establishes that an error affected her substantial rights if she demonstrates a reasonable probability that she would not have pleaded guilty but for the error. *Id.* The record reveals that the district court conducted a sufficient plea colloquy with Goer. Accordingly, we conclude that the district court did not plainly err in accepting Goer's guilty plea.

This court reviews a sentence for reasonableness, applying a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first review for significant procedural errors, including whether the district court failed to calculate or improperly calculated the Sentencing Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2012) factors, or failed to adequately explain its chosen sentence. *Id.* If we find the sentence procedurally reasonable, we then examine substantive reasonableness, considering the totality of the circumstances. *Gall*, 552 U.S. at 51. We presume that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We discern no error in the court's rulings or its determination of the Guidelines range. We also conclude that Goer fails to rebut the presumption that her below-Guidelines-range sentence is substantively reasonable when measured against the § 3553(a) factors. *See Louthian*, 756 F.3d at 306. The district court responded to defense counsel's arguments for a lower sentence meaningfully, and explained its chosen sentence. We conclude that Goer's sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Goer's conviction and sentence. This court requires that counsel inform Goer, in writing, of the right to petition the Supreme Court of the United States for further review. If Goer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Goer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*